## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## Civil Action No. 1:22-cv-847-LCB-JLW

| | | |
|---|---|---|
| **JOHN D. SULLIVAN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF DEFENDANT'S** |
| **v.** | ) | **PARTIAL MOTION TO DISMISS** |
| | ) | |
| **THE UNIVERSITY OF NORTH** | ) | |
| **CAROLINA HEALTH CARE** | ) | |
| **SYSTEM,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

Plaintiff John D. Sullivan ("Plaintiff" or "Sullivan") brings this action against his current employer, The University of North Carolina Health Care System ("Defendant" or "UNC Health"), alleging unlawful discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq* ("ADEA"). As described more fully below, Sullivan alleges discriminatory conduct—specifically, a discriminatory demotion—that exceeds the scope of the Charge of Discrimination he filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Even if asserted, any such claim would also have been untimely, as the challenged demotion occurred more than 180 days before he filed his EEOC Charge.

## STATEMENT OF THE FACTS

Before initiating this lawsuit, on June 11, 2021, Sullivan filed an EEOC Charge against UNC Health.[1] In his Charge, Sullivan asserted that he was subjected to age

---

[1] A copy of the EEOC Charge is attached to Defendant's Motion for Partial Dismissal as "Exhibit A."

discrimination between June 1, 2020 and April 1, 2021, and he did not check the box for "Continuing Action." Specifically, Sullivan alleged that in December 2020 he applied for a promotion to Director of Sourcing and Contracting and, on April 1, 2021, was informed that Josh Van Dyck received the promotion. On July 7, 2022, the EEOC issued a Determination and Notice of Rights.

On October 5, 2022, Sullivan subsequently commenced this lawsuit by filing a complaint [ECF No. 1] against UNC Health. The Complaint contains two causes of action arising under the ADEA: (1) a claim for discriminatory demotion based on an employment action that took effect on June 30, 2019 (Count One), and (2) a claim for discriminatory denial of the promotion for which Sullivan applied in December 2020 (Count Two). In alleging that all conditions precedent to the lawsuit have been met, the Complaint expressly references the EEOC Charge, and it attaches the Notice of Rights as an exhibit. [ECF No. 1 at ¶ 6, Ex. 1]

## QUESTION PRESENTED

WHETHER PLAINTIFF'S DISCRIMINATORY DEMOTION CLAIM SHOULD BE DISMISSED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BY FILING A TIMELY EEOC CHARGE, AS THE ADEA REQUIRES.

## ARGUMENT AND AUTHORITIES

### Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim upon which relief may be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on a Rule 12(b)(6) motion, the court "must accept

2

as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Rule 12(d) generally restricts courts from considering matters outside the pleadings in connection with a Rule 12(b)(6) motion, but this prohibition does not apply to documents expressly relied upon in a complaint where there is no question as to authenticity. *See, e.g., Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

## Failure to Exhaust Administrative Remedies Before the EEOC

Before filing suit under the ADEA, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d). As to a discrete employment action, such as a demotion, the 180-day limitations period begins running on the date the adverse employment action occurs. As the U.S. Supreme Court has explained:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180—[ ] day time period after the discrete discriminatory act occurred.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Lane v. Lucent Tech.*, 388 F. Supp.2d 590, 598-99 (M.D.N.C. 2005) (demotion is a discrete act requiring the plaintiff to file an EEOC charge within 180 days after it occurred). This timely filing requirement holds firm even when the employee does not become aware of the action's discriminatory nature until after the limitations period expires. *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 200 (4th Cir. 1990) ("The 180-day limitations period for an ADEA action

8756117v1

arising out of a job termination commences when the employee is informed of his termination [ ] even if he is not then aware of its discriminatory nature") (citations omitted).

The contents of the EEOC charge determines the scope of a plaintiff's right to file a civil lawsuit. *Bryant v. Bell Atl. Md.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (addressing Title VII's administrative exhaustion requirements, which are coextensive with those under the ADEA).[2] Claims that fall outside the scope of the EEOC charge are procedurally barred. *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (citation omitted); *see also Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("[A] plaintiff fails to exhaust his administrative remedies where … his administrative charges reference different time frames, actors, and discriminatory conduct than the central fact allegations in his formal suit"). The filing of a charge "is not simply a formality," but is rather "a vital function in the process of remedying an unlawful employment practice." *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 407 (4th Cir. 2013) (citation omitted).

A review of Sullivan's EEOC Charge shows that he failed to exhaust his administrative remedies as to his discriminatory demotion claim. As a preliminary matter,

---

[2] The ADEA "adopts the administrative exhaustion requirements found in Title VII of the Civil Rights Act of 1964." *Lewis v. Prince George's Cnty. Bd. of Educ.*, 2022 WL 4564634, at *6 (D. Md. Sept. 29, 2022) (citations omitted).

8756117v1

the Court may take judicial notice of the EEOC Charge, a public record,[3] and properly consider the Charge in conjunction with UNC Health's Rule 12(b)(6) motion. *See, e.g., White v. Mortg. Dynamics*, 528 F. Supp.2d 576, 579 (D. Md. 2007) (considering EEOC charge attached to defendant's motion to dismiss without converting motion to one for summary judgment because it was integral to and referenced in the plaintiff's complaint). Sullivan's EEOC Charge is integral to his claims, as it demonstrates the extent to which he satisfied the ADEA's administrative prerequisites and defines the scope of his claims. Indeed, the Complaint expressly references the Charge in alleging that conditions precedent to suit have been met, and it attaches the associated Determination and Notice of Rights as an exhibit. [ECF No. 1 at ¶ 6, Ex. 1]

Sullivan's discriminatory demotion claim must be dismissed based on his failure to exhaust his administrative remedies. To satisfy administrative exhaustion requirements for his discriminatory demotion claim, Sullivan was required to file an EEOC charge within 180 days after the demotion took effect on June 30, 2019—that is, no later than December 30, 2019. He did not do that. Instead, Sullivan waited almost two years—until June 11, 2021—to file his EEOC Charge and, at that point, addressed only UNC Health's failure to promote Sullivan to Director of Sourcing and Contracting. Not only were the demotion allegations untimely, but they relate to a discrete act that is not referenced in Sullivan's EEOC Charge. *See Chacko*, 429 F.3d at 509 ("A claim will … typically be barred if the

---

[3] *Yang v. Lai*, 2022 WL 2440834, at *1 n. 2 (M.D.N.C. July 5, 2022) (citations omitted) (taking judicial notice of the plaintiff's EEOC charge and right to sue letter as matters of public record).

5

administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits"); *see also Lawson v. Burlington Indus.*, 683 F.2d 862, 863-64 (4th Cir. 1982) (discriminatory failure to rehire claim barred because charge only alleged discriminatory layoff); *Ferrell v. FMR, LLC*, 2019 WL 2253173, at *3 (E.D.N.C. Jan. 31, 2019) (dismissing failure to hire claim, which was unrelated to the termination claim asserted in the EEOC charge); *Thiessen v. Stewart-Haas Racing, LLC*, 311 F. Supp.3d 739, 744 (M.D.N.C. 2018) (plaintiff failed to exhaust administrative remedies regarding his failure to accommodate, failure to promote and retaliation claims where his EEOC charge only asserted wrongful discharge); *Payne v. Duracell U.S.A.*, 745 F. Supp. 341, 343 (M.D.N.C. 1990) (granting summary judgment on demotion claim where plaintiff failed to file an EEOC charge within 180 days of the demotion).

## CONCLUSION

For the reasons stated herein, Sullivan's discriminatory demotion claim should be dismissed with prejudice based on Sullivan's failure to exhaust administrative remedies.

6

This the 16th day of December, 2022.

/s/Jill S. Stricklin

**Jill S. Stricklin**
NC State Bar No. 20145
Email:  jstricklin@constangy.com
**Nia K. Doaks**
NC State Bar No. 56472
Email: ndoaks@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-6861 (Stricklin)
Telephone: (919) 439-2864 (Doaks)
Facsimile: (336) 748-9112

*Attorneys for Defendant*

8756117v1

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS** does not exceed 6,250 words, based upon the word count feature of the word processing software used to prepare the document, in compliance with Local Rule 7.3(d)(1).

This the 16th day of December, 2022.

/s/Jill S. Stricklin
Jill S. Stricklin
NC State Bar No. 20145
Email: jstricklin@constangy.com
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

8

8756117v1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system to the following:

june@newsouthlawfirm.com

valerie@newsouthlawfirm.com

This the 16th day of December, 2022.

/s/Jill S. Stricklin
NC State Bar No. 20145
Email: jstricklin@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorney for Defendant*

9

8756117v1