IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN D. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV847 |
| | ) | |
| THE UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff John Sullivan brings this action against Defendant The University of North Carolina Health Care System ("Defendant" or "UNC Health"), alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA")[1], 29 USC §§ 623 *et seq.* (*See generally* ECF No. 1.) Before the Court are Defendant's Partial Motion to Dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 5), and Defendant's Motion to Strike, or Alternatively, Exclude Affidavit and Exhibits, (ECF No. 12). Also before the Court is Plaintiff's Motion to Amend the Complaint. (ECF No. 16.) For the reasons that follow, the Court will grant Defendant's Partial Motion to Dismiss, deny in part

---

[1] Plaintiff initially identifies in the introduction to the Complaint Section 216(b) of the Fair Labor Standards Act ("FLSA") as a statutory provision under which the action arises; however, the body of the Complaint does not set forth any claims under the FLSA. (*See* ECF No. 1 ¶ 1.)

1

and grant in part Defendant's Motion to Strike or Exclude the Affidavit and Exhibits, and deny Plaintiff's Motion to Amend the Complaint.

**I.     BACKGROUND**

According to Plaintiff's Complaint, Plaintiff began his employment with Defendant in January 2017 as System Director of Strategic Sourcing and Contracting, making him a member of Defendant's supply chain management team. (ECF No. 1 ¶¶ 8, 10.) In January 2019, a reorganization of the leadership of Defendant's supply chain department was proposed, and such reorganization included a restructuring of the positions that comprised the department. (*Id.* ¶ 11.) Plaintiff applied for one of the new leadership positions that would be included in Defendant's reorganized team; however, another candidate was selected for the position. (*Id.* ¶ 12.) At the time this occurred, Plaintiff was 58 years old, and the candidate selected was 37-years-old. (*Id.*)

The Complaint alleges further that, effective June 30, 2019, Plaintiff was demoted from his director position and reassigned to another position. (*Id.* ¶ 13.) When Plaintiff asked for an explanation of why this position change had occurred, he was told it was done to reorganize the "top[-]heavy management structure" of the department. (*Id.* ¶ 23.) Plaintiff applied for a System Director of Strategic Sourcing position in the fall of 2019; however, the job posting for this position was withdrawn in March 2020. (*Id.* ¶ 14.) In December 2020, an opening for the director position that Plaintiff originally held was posted, and Plaintiff again applied for that position. (*Id.* ¶ 25.) Plaintiff was not selected, (*id.*), and the selection of the candidate that was chosen to assume that position was announced in April 2021, (*id.* ¶ 26). At the time of

this selection, Plaintiff was 60 years old, and the candidate selected was 44-years-old. (*Id.* ¶ 27.)

Plaintiff filed a formal charge with the Equal Employment Opportunity Commission ("EEOC") on June 11, 2021, alleging that Defendant violated the ADEA, (ECF Nos. 1 ¶ 6; 5-1), and, following the filing of the charge, initiated this action, (ECF No. 1 ¶ 6). Plaintiff, in his Complaint, advances two claims of age discrimination under the ADEA, denominated as "COUNT ONE (Demotion)" and "COUNT TWO (Denial of Promotion)." (ECF No. 1 at 11–12.) Based on these claims, Plaintiff seeks injunctive relief, back pay, front pay, damages, and attorney's fees. (*Id.* at 14.)

On December 16, 2022, Defendant moved to dismiss only Count One of Plaintiff's Complaint (hereinafter "demotion claim") pursuant to Rule 12(b)(6). (ECF No. 5.) Plaintiff filed his Response to Defendant's Partial Motion to Dismiss on January 13, 2023, and later filed a Motion to Amend the Complaint on February 17, 2023. (ECF Nos. 11; 16.) While Plaintiff's proposed Amended Complaint asserts the same claims and pursues the same damages as his original Complaint, it also seeks to add additional factual allegations. (*See* ECF 16-1.)

The Court will first consider Defendant's Motion to Strike or Exclude, as it will impact what documents the Court will consider in evaluating Defendant's Motion to Dismiss. The Court will then consider Defendant's Partial Motion to Dismiss followed by Plaintiff's Motion to Amend the Complaint.

## II. DEFENDANT'S MOTION TO STRIKE, OR ALTERNATIVELY, EXCLUDE AFFIDAVIT AND EXHIBITS

Both parties are requesting that the Court consider documents outside of the Complaint when evaluating Defendant's Partial Motion to Dismiss. Defendant attached to its motion a copy of Plaintiff's formal charge of discrimination filed with the EEOC requesting that the charge be considered in resolving its motion. (*See generally* ECF No. 5-1; 5 at 2; 6 at 4–5.) Plaintiff has attached an affidavit and exhibits to its Response, (ECF No. 11-1), and likewise requests that this Court consider the attached affidavit and exhibits in addressing Defendant's motion. (ECF No. 11 at 7–8.) Defendant has filed this instant motion to strike or exclude the documents that Plaintiff has attached to his Response. (ECF No. 12.)

When considering a motion to dismiss, "a [district] court evaluates the complaint in its entirety, as well as documents attached [to] or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Generally, on a Rule 12(b)(6) motion to dismiss, a court cannot consider documents beyond the complaint without converting the motion into a motion for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). The court can, however, properly consider documents attached to or referenced in the complaint, as well as those attached to the motion to dismiss, so long as those documents are "integral to and explicitly relied on in the complaint and . . . the plaintiff[ ] do[es] not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

Here, with respect to Defendant's request, Plaintiff does not contest the authenticity of the formal EEOC charge submitted by Defendant and, further, Plaintiff concedes that the

4

charge is integral to his Complaint. (ECF No. 11 at 7.) Because neither party has objected to the charge or disputed its authenticity, the Court will consider the formal EEOC charge in evaluating Defendant's Motion to Dismiss.

On the other hand, Plaintiff's affidavit and twelve exhibits referenced in his Response and attached thereto, with certain exceptions as discussed below, have been expressly contested by Defendant in its Motion to Strike or Exclude. (ECF No. 12 at 1.) Defendant argues that, while the Court may consider the EEOC charge without converting the Rule 12(b)(6) motion to one for summary judgment, the same is not true for Plaintiff's affidavit and nine of the twelve attached exhibits.[2] (ECF No. 13 at 2–4.) Defendant asserts that the remaining nine contested documents proffered by Plaintiff do not fall within any of the limited exceptions under which the Court may consider documents outside of the Complaint. (*Id.* at 2–3.)

While Plaintiff does not expressly address Defendant's argument, Plaintiff argues that the affidavit and exhibits should be considered by the Court because they would provide the proper context surrounding how the EEOC charge came to be filed. (ECF No. 15 at 3.) Plaintiff contends that giving the proper context surrounding the charge would aid Plaintiff's

---

[2] Defendant concedes that three of the twelve exhibits that Plaintiff attached to its Response are exceptions to, and not considered as a part of, Defendant's request to have the affidavit and exhibits stricken or excluded from the record, (*see* ECF No. 13 at 3 n.1): the organizational chart, (ECF No. 11-1 at 53), the voluntary reassignment agreement, (ECF No. 11-1 at 41), and the April 1, 2021, memo, (ECF No. 11-1 at 51–52). These three documents were attached to and referenced in the original Complaint. (*See* ECF Nos. 1-5; 1-3; 1-6; *see* ECF No. 1 ¶¶ 13, 26.) Defendant acknowledges that these three exhibits were attached to the Complaint and asserts that "the Court may still consider these materials . . . without converting the Rule 12(b)(6) motion to a motion for summary judgment." (ECF No. 13 at 3 n.1.) Because neither party has objected to these exhibits or disputed the fact that they were attached to the Complaint, the Court will consider the three exhibits in evaluating Defendant's motion.

argument that the charge should be considered to cover all actions taken by Defendant related to Plaintiff's employment beginning in June 2019 and continuing through the date of the filing of the charge. (*Id.*)  With the exception of only one out of the nine exhibits that Defendant contests, the Court agrees with Defendant's argument concerning the affidavit and remaining eight contested exhibits.

The one exception is a document that details the proposed organizational changes to Defendant's supply chain department's leadership, (*see* ECF No. 11-1 at 37–39), which was attached to, and specifically referenced in, Plaintiff's Complaint, (*see* ECF No. 1-2; 1 ¶ 11). The Court finds this document can be considered by the Court without converting Defendant's motion to one for summary judgment for the same reasons that Defendant conceded the Court's consideration of the three other exhibits.  *See supra* note 2.  The Court will therefore deny Defendant's Motion to Strike or Exclude as to that particular document and will consider that document in evaluating Defendant's Motion to Dismiss.  However, the affidavit and remaining eight contested exhibits that Defendant requests be stricken or excluded require further analysis.

With respect to two of the remaining contested exhibits, the Court finds that, while the Complaint does include quotes from the exhibits, (*compare* ECF No. 1 ¶ 8, *with* ECF No. 11-1 at 10; *compare* ECF No. 1 ¶ 9, *with* ECF No. 11-1 at 14, 23, 31), mere inclusion in a complaint of quotes from a document is not enough for that document to be considered integral to that complaint, *see Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents,

6

wholesale, into the complaint.")) (concluding that a document attached by the defendants to their motion to dismiss was "arguably . . . not integral to the complaint and therefore should not have been considered by the district court" because the plaintiff's "claims [did] not turn on, nor [were] they otherwise based on, statements contained in the" document, even though "the complaint included a few quotes from and references to" that document). Neither Plaintiff's demotion claim nor Plaintiff's denial of promotion claim turn on the included quotes from the two referenced contested exhibits. Accordingly, the Court declines to consider these exhibits in evaluating Defendant's Motion to Dismiss.

Moreover, aside from the contested exhibits discussed above, Plaintiff never explicitly references the affidavit or any of the remaining contested documents anywhere in the Complaint. Nor were these documents attached to the Complaint. There is no basis in law for this Court to conclude that these documents are integral to the Complaint, nor is the Court persuaded by Plaintiff's argument that these documents should be considered to provide context. For these reasons, the Court will grant Defendant's Motion to Strike or Exclude only as to Plaintiff's affidavit and the eight remaining contested exhibits and will exclude these documents from its consideration in evaluating Defendant's Motion to Dismiss.

Accordingly, Defendant's Motion to Strike or Exclude is granted in part and denied in part. The motion is granted as to the affidavit and the eight remaining contested exhibits outlined above and denied as to the one contested exhibit that this Court found was attached to the Complaint and therefore would be considered in evaluating Defendant's Motion to Dismiss.

7

The Court will next examine whether Plaintiff's demotion claim should be dismissed pursuant to Defendant's Motion to Dismiss.

## III. DEFENDANT'S PARTIAL MOTION TO DISMISS

### A. Standard of Review

A motion made under Rule 12(b)(6) challenges the legal sufficiency of the facts in the complaint, specifically whether the complaint satisfies the pleading standard under Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). A claim is plausible when the complaint alleges sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The court "view[s] the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### B. Parties' Arguments

In its Motion to Dismiss, Defendant argues that the Court should dismiss only Plaintiff's demotion claim on the basis that Plaintiff has failed to exhaust his administrative remedies with respect to that claim. (ECF No. 6 at 1, 4–6.) Specifically, Defendant argues that Plaintiff's demotion claim exceeds the scope of the formal charge of discrimination filed with the EEOC because Plaintiff failed to assert that claim in the charge. (*Id.* at 1, 5.) Further, Defendant contends that, even if the Court were to find that Plaintiff has asserted a demotion

claim in the charge, the Court should still dismiss the claim as untimely because the demotion occurred more than 180 days before the EEOC charge was filed. (*Id.* at 1.)

Plaintiff does not appear to directly address whether or not the demotion claim was included within the scope of the EEOC charge. (*See generally* ECF No. 11.) Rather, Plaintiff only addresses the timeliness of the charge. (*See generally id.*) Plaintiff argues that the 180-day requirement is satisfied because Defendant's demotion of Plaintiff was not a discrete act that was actionable on its own. (*Id.* at 12–13.) Instead, Plaintiff asserts, the demotion was part of a series of repeated acts committed by Defendant over time that had a cumulative effect and, when assessed independently of one another, were not actionable. (*See id.* at 12–13, 20.) Plaintiff also contends that it was unreasonable to expect Plaintiff to file a charge for any of those repeated acts before their respective 180-day filing deadlines passed, as most of the acts did not sufficiently affect the conditions of Plaintiff's employment, and Plaintiff could not have reasonably foreseen the impact felt from the only act that did affect his employment conditions, a reduction in his salary that took place in December 2019. (*Id.* at 10–13.) In addition, Plaintiff argues that the 180-day time period is a statute of limitations subject to waiver, estoppel, and equitable tolling, which Plaintiff claims is applicable here. (*Id.* at 15.)

### C. Discussion

"It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) (citing 42 U.S.C. § 2000e-5(b), (f); 29 U.S.C. § 633a(d)). The charge must be filed within 180 days after the alleged unlawful practice occurs. 29 U.S.C. § 626(d)(1)(A). "A plaintiff's EEOC charge defines the scope of [his] subsequent right to

9

institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002) (holding that the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents). "[F]actual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509, 511 (4th Cir. 2005) (holding that the plaintiff had failed to exhaust his administrative remedies where his EEOC charge alleged three specific instances of harassment by a supervisor and his federal complaint alleged long-term harassment by colleagues). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII [or ADEA] lawsuit." *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (quoting *Chacko*, 429 F.3d at 506) (internal quotation marks omitted).

1. Plaintiff's Demotion Claim Exceeds the Scope of the EEOC Charge

In this case, an examination of the EEOC charge leads this Court to conclude, as argued by Defendant, that the demotion claim outlined in Plaintiff's Complaint exceeds the scope of the formal charge of discrimination filed with the EEOC. There is no reference to Plaintiff's alleged demotion in his EEOC charge at all. (*See generally* ECF No. 5-1.) The EEOC charge is very succinct and straightforward. It alleges one discrete act of discrimination: the denial of Plaintiff's promotion that took place on April 1, 2021, after Plaintiff applied for the promotion in December 2020. (*See id.* at 2.) Thus, the language of the charge does not support

10

Plaintiff's argument that his demotion was not a discrete act but rather was part of a series of Defendant's repeated acts that had a cumulative effect and, when evaluated independently of one another, were not actionable.

Nor does the law support this argument asserted by Plaintiff. First, the Supreme Court has held that the discriminatory denial of an employee's promotion and the discriminatory demotion of an employee are both considered to be discrete discriminatory acts. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (describing "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" as "easy to identify"); *Chacko*, 429 F.3d at 511 n.2 (labelling a failure to promote and a retaliatory demotion as "discrete acts of discrimination" alleged by a plaintiff in its administrative charges and distinguishing those allegations from allegations of a hostile work environment); *Green v. Brennan*, 578 U.S. 547, 568 (2016) (Alito, J., concurring) (referring to termination, failure to hire, and demotion as examples of "discrete act[s] of discrimination").

Moreover, Plaintiff solely alleged the denial of promotion in the charge and now attempts to allege the demotion as part of a pattern of Defendant's repeated conduct that culminated in the denial of promotion. (ECF Nos. 5-1; 11 at 12–13, 20). The allegation of the denial of promotion alone in the charge is not enough to cover the broader pattern of unlawful acts that Plaintiff now alleges Defendant committed. The Fourth Circuit has held that "the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." *Chacko*, 429 F.3d at 509 (citing *Dennis v. Cty. of Fairfax*, 55 F.3d 151, 153, 156–57 (4th Cir. 1995)).

11

Finally, as to scope, the alleged demotion complained of took place two years earlier than the filing of the charge. (*Compare* ECF No. 5-1, *with* ECF No. 1 ¶ 13, *and* ECF No. 16-1 ¶ 14.) It is unlikely that a reasonable investigation of the facts of the denial of promotion claim would have revealed information regarding the demotion that had occurred approximately two years prior to the filing of the charge. It is also not likely that Defendant would have been afforded notice of alleged discrimination related to the demotion and an opportunity to address that alleged discrimination when the charge was filed.

For each of these reasons, the Court concludes that the demotion claim exceeds the scope of the EEOC charge.

2. Plaintiff's Demotion Claim Is Time Barred

Because Plaintiff's alleged demotion is a discrete act, it has its own 180-day time requirement for filing a charge alleging that act, even if the demotion would be viewed as reasonably related to the denial of promotion that was alleged explicitly in the charge. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004) (citing *Morgan*, 536 U.S. at 113) ("[A]n employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred."); *see also Morgan*, 536 U.S. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Thus, Plaintiff's argument here that the charge covers the June 2019 demotion because the demotion was a part "of one continuing unlawful employment practice," (ECF No. 11 at 20), is foreclosed.

Consequently, the Court concludes that, even if it had found that Plaintiff stated a demotion claim in the charge, Plaintiff's demotion claim would still be dismissed as it is time barred.

3. Equitable Tolling or Equitable Estoppel is Not Applicable[3]

"Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citing *Lawson v. Burlington Indus.*, 683 F.2d 862, 864 (4th Cir. 1982); *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir. 1985)). In order to invoke equitable tolling, "the plaintiff must . . . show that the defendant attempted to mislead him, and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *English*, 828 F.2d at 1049. Equitable tolling could also apply when "an employer violates the [ADEA] posting requirement," *id.*, which requires an employer to post a notice "to be prepared or approved by the [EEOC] setting forth information as the Commission deems appropriate to effectuate the purposes of [the ADEA]," *English*, 828 F.2d at 1049 (second alteration in original) (quoting 29 U.S.C. § 627). Fundamentally, "equitable tolling rests upon the proposition that the defendant's actions require relieving the plaintiff from the burden of a statutory limitations period." *English*, 828 F.2d at 1051.

"Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *Id.* at 1049 (citing *Felty v. Graves-Humphreys*, 818 F.2d 1126 (4th Cir. 1987); *Price v. Litton Bus.*

---

[3] To avoid redundancy, the Court will consider both the original Complaint and the proposed Amended Complaint with respect to certain contentions made by Plaintiff related to the equitable tolling or estoppel argument.

*Sys.*, 694 F.2d 963, 965 (4th Cir. 1982)). "The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in [a] timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Price*, 694 F.2d at 965. When applying equitable doctrines such as tolling or estoppel to the time period for filing a charge, such doctrines "are to be applied sparingly." *Morgan*, 536 U.S. at 113 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)).

Plaintiff asserts that the 180-day time period should be equitably tolled or Defendant should be estopped from asserting the statute of limitations because the job posting for the System Director of Strategic Sourcing position for which Plaintiff applied was withdrawn; there was a delay in the reposting of the System Director of Strategic Sourcing and Contracting position that Plaintiff originally held; and Plaintiff made complaints about age discrimination directly to Defendant in August 2020. (ECF No. 11 at 15–20.) Here, Plaintiff does not allege in either his original Complaint or his proposed Amended Complaint that Defendant failed to post the required ADEA notice. Plaintiff does not allege in either version of the Complaint why the job posting for the System Director of Strategic Sourcing position for which Plaintiff applied was "withdrawn," (ECF No. 1 ¶ 14), or "cancelled or terminated," (ECF No. 16-1 ¶ 23), nor is the reason for the amount of time it took Defendant to repost the System Director of Strategic Sourcing and Contracting position that Plaintiff originally held alleged. Neither the original Complaint nor the proposed Amended Complaint alleges that Defendant committed these two acts to mislead Plaintiff and keep a potential demotion claim hidden. Similarly, neither version of the Complaint includes facts that support that Defendant

14

intentionally or deliberately withdrew a job posting or delayed reposting a position to cause Plaintiff to miss the filing deadline for the purported demotion claim.

Nor does the Court find persuasive Plaintiff's argument that his complaints about age discrimination to Defendant in August 2020 satisfy the equitable tolling or estoppel requirements. The fact that Plaintiff notified Defendant of his concerns in August 2020 does nothing to demonstrate deception or intentional misconduct on the part of Defendant for the purpose of causing Plaintiff to fail to file a timely charge. Further, this alleged notice given by Plaintiff to Defendant is no substitute for Plaintiff filing a charge and fulfilling his responsibility to exhaust his administrative remedies. *See Chacko*, 429 F.2d at 510 ("Congress intended the exhaustion requirement to serve the primary purposes of [both] notice and conciliation."). As a result, Plaintiff's notice to Defendant in no way provides a basis for the application of equitable tolling or estoppel, or for consideration of the demotion claim as timely.

Based on this information, the Court concludes that, with respect to the original Complaint, Plaintiff has not demonstrated a basis for the application of equitable tolling or estoppel. However, because Plaintiff, through his Motion to Amend the Complaint, has introduced additional factual detail in his proposed Amended Complaint that is not present in the original Complaint, the Court will further examine the issue of equitable tolling or estoppel with respect to the proposed Amended Complaint alone under its discussion of the Motion to Amend the Complaint.

## IV. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

A party may amend a pleading by obtaining consent of the opposing party or leave of the court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend a Complaint, or other pleading, is in the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). While the court has discretion to grant or deny leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has made clear that the Federal Rule of Civil Procedure declaring that leave to amend shall be freely given when justice so requires is a "mandate . . . to be heeded." *Foman*, 371 U.S. at 182. "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *accord Drager*, 741 F.3d at 474. "A motion to amend is futile 'if the proposed claim would not survive a motion to dismiss.'" *Pugh v. McDonald*, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

In support of his Motion to Amend the Complaint, Plaintiff argues that he seeks to clarify his Complaint to support his argument that his EEOC charge was timely, that Defendant was on notice of Plaintiff's allegations beginning in June 2019, and that Defendant should be "estopped from asserting timeliness" as a reason for dismissal of Plaintiff's claims. (ECF No. 16 ¶ 4.) In response, Defendant argues that Plaintiff's Motion to Amend the Complaint should be denied because the amendment would be futile, as the amendment does

16

not allege new facts that would enable Plaintiff to defeat the argument raised in Defendant's Motion to Dismiss—that Plaintiff failed to exhaust his administrative remedies for the demotion claim. (ECF No. 18 at 5.) Further, Defendant asserts that Plaintiff's proposed amendment does not establish that his EEOC charge was timely as to the demotion claim, and that Plaintiff's argument that Defendant was on notice of his demotion allegations does not allow Plaintiff to circumvent the requirement that a plaintiff exhaust his administrative remedies. (*Id.* at 2–3.) Defendant also argues that the amendment that Plaintiff proposes does not allege the circumstances that warrant equitable tolling or estoppel. (*Id.* at 3.)

Plaintiff's request to amend his Complaint must be denied as futile as his demotion claim in his proposed Amended Complaint fails for the same reason as his demotion claim in his original Complaint. (*Compare* ECF No. 1 ¶¶ 8–32, *with* ECF No. 16-1 ¶¶ 8–49.) Plaintiff's proposed Amended Complaint does not cure the fact that the demotion is a discrete act that has its own time requirement for filing a charge alleging that act, and the demotion claim is not within the scope of the formal EEOC charge that has already been filed. This was discussed in further detail in the preceding section of this Order.

The Court will now address the equitable tolling or estoppel argument as it pertains to the additional factual detail exclusively presented in Plaintiff's proposed Amended Complaint. Though Plaintiff provides further factual detail regarding the demotion in his proposed Amended Complaint, such additional facts still do not support any application of equitable tolling or equitable estoppel to the time requirement that was related to Plaintiff's demotion claim.

In the proposed Amended Complaint, Plaintiff alleges the following additional details: (a) in early 2019, the then-Vice President of Supply Chain told Plaintiff that he "should apply for the Strategic Sourcing role" and that he could "see [Plaintiff] being successful in that position," (ECF No. 16-1 ¶ 12); (b) during the June 2019 meeting in which Plaintiff was demoted, Plaintiff was told "that he could apply for a position which replaced" the System Director of Strategic Sourcing and Contracting position he held prior to the demotion and was "encouraged to apply for the position," (*id.* ¶ 16); (c) an interim was appointed to a Manager of Contracting position in August 2020, (*id.* ¶ 25); and (d) Plaintiff was told that "employees with strong employment performance [were] often re-appointed to their position" and that several employees that went through a similar experience in another department "were in fact re-appointed," (*id.* ¶ 16). The proposed Amended Complaint does not allege that Defendant appointed an interim Manager of Contracting with the intent of misleading Plaintiff and concealing a possible demotion claim. Further, while Defendant clearly expressed to Plaintiff that he would be a good candidate for the position, encouraged him to apply for it, and informed Plaintiff that other employees were commonly reappointed, the proposed Amended Complaint does not allege that Defendant made any representation that Plaintiff would be selected for that position. Moreover, the proposed Amended Complaint does not include facts that support that Defendant committed the actions outlined above with the intent of preventing Plaintiff from filing a timely charge alleging discriminatory demotion, or that Defendant should have known that its actions would have caused Plaintiff to delay filing such a charge.

Even after considering, as requested by Plaintiff, all of these acts committed by individuals who are employed by Defendant—the acts involving the job postings, the acts related to Plaintiff's articulation of his concerns in the August 2020 phone conversation, the positive and encouraging statements that were made to Plaintiff, and the description of prior occurrences of reappointment to positions—equitable doctrines would not apply here. There has been no showing in the proposed Amended Complaint that any of the individuals under the employ of Defendant concealed anything or intentionally engaged in misconduct to cause Plaintiff to miss the filing deadline for the demotion claim, or that those individuals should have understood that these actions would have caused such an outcome. As a result, the time requirement for filing a charge alleging the demotion was discriminatory would not be subject to equitably tolling or estoppel under the additional facts alleged in the Amended Complaint. Equitable doctrines such as the ones proffered by Plaintiff are applied infrequently, and this Court does not perceive the facts of this situation, as they are alleged in either version of the Complaint, to be one of those rare instances supporting the application of these extraordinary remedies.

Since Plaintiff did not file a charge alleging the demotion was discriminatory within 180 days of that alleged act, and since the time requirement would not be subject to equitable tolling or estoppel, Plaintiff failed to meet the time requirement and would still have failed to exhaust his administrative remedies, independent of this Court's conclusion that the demotion claim exceeds the scope of the originally filed charge. Plaintiff's proposed Amended Complaint does nothing to change this outcome. Accordingly, the Court denies Plaintiff's

Motion to Amend the Complaint and grants Defendant's Partial Motion to Dismiss Plaintiff's demotion claim asserted under the ADEA.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike, or Alternatively, Exclude Affidavit and Exhibits, (ECF No. 12), is **DENIED IN PART** and **GRANTED IN PART**. Specifically, Defendant's Motion to Strike or Exclude the contested exhibit that details the proposed organizational changes to Defendant's supply chain department's leadership, (ECF No. 11-1 at 37–39), will be **DENIED**, and Defendant's Motion to Strike or Exclude the affidavit and the eight remaining contested exhibits, (ECF No. 11-1 at 1–36, 40, 42–50), will be **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Partial Motion to Dismiss, (ECF No. 5), is **GRANTED**, and Plaintiff's demotion claim is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint, (ECF No. 16), is **DENIED**.

This, the 8th day of September 2023.

/s/     Loretta C. Biggs
United States District Judge