| | |
|---|---|
| From: | ECF@ncmd.uscourts.gov |
| To: | ecf@ncmd.uscourts.gov |
| Subject: | Activity in Case 1:22-cv-00847-LCB-JLW SULLIVAN v. THE UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM Order on Motion for Protective Order |
| Date: | Tuesday, August 27, 2024 5:07:39 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

North Carolina Middle District

## Notice of Electronic Filing

The following transaction was entered on 8/27/2024 at 5:07 PM EST and filed on 8/27/2024

| | |
|---|---|
| Case Name: | SULLIVAN v. THE UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM |
| Case Number: | 1:22-cv-00847-LCB-JLW |
| Filer: | |
| Document Number: | No document attached |

**Docket Text:**
**TEXT ORDER TEXT ORDER: Denying [53] "Plaintiff's Motion to Extend Time to Respond to Defendant's Second Motion for Protective Order[;]" and granting in part, denying in part [51] "Defendant's Second Motion for Protective Order Precluding the Deposition of CFO William Bryant[.]" Defendant UNC Health ("Defendant") moves the Court to preclude the deposition of UNC Health CFO William Bryant, arguing that the deposition would be "unreasonably duplicative, cumulative, and disproportional to the needs of the case." Docket Entry 52 at 8. Plaintiff John Sullivan ("Plaintiff") filed an untimely motion for an extension of time to respond to Defendant's motion. (Docket Entry 53.) In addition to its tardiness, Plaintiff's counsel did not attach a supporting brief, as required by Local Rule 7.3(a),(j). Plaintiff's counsel argues that medical issues prevented her from complying with the Court's deadline. However, Plaintiff has co-counsel, June K. Allison, who has participated in several matters relating to the instant action and could have plausibly prepared a response to Defendants motion. (*See* Docket Entries 1 at 15; 32 at 4; 53 at 4; *see* also Docket Entry 54 at 2.) Also, Plaintiff's counsel filed several similar motions relating to Defendant's prior motion for protective order (*see* Docket Entries 41, 49), after which the Court allowed the parties the opportunity to "reopen discovery *sua sponte*" to resolve all outstanding discovery disputes and ordered that "there will be no**

further extension of said deadlines." (*See* Text Order dated 07/24/2024.) Additionally, given that a summary judgment motion is pending (*see* Docket Entry 55), any further delay would negatively impact judicial proceedings. Therefore, Plaintiff has not established excusable neglect motion pursuant to Fed. R. Civ. P. 6(b)(1)(B), and the motion for extension (Docket Entry 53) is denied. *See Fernandes v. Craine,* 538 F. App'x 274, 276 (4th Cir. 2013) ("Whether neglect is 'excusable' has been described by the Supreme Court as 'at bottom an equitable [inquiry], taking account of all relevant circumstances,' including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.") Accordingly, Defendant's Second Motion for Protective Order (Docket Entry 51) is deemed unopposed. "Under this Court's Local Rules, unopposed motions will ordinarily be granted." *WS & W Int'l Enterprises, Inc. v. Hous. Auth. of Winston-Salem,* No. 1:00CV00390, 2004 WL 432173, at *2 (M.D.N.C. Mar. 4, 2004); *see* Local Rule 7.3 (k) ("The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect.... If no response brief is filed within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). Also, Defendant attests that "Mr. Bryant took no part" in the underlying, disputed matter and any background evidence that he could provide would by "nominal, if any." *See* Docket Entry 51 at 5-6. Having considered the arguments, the Court finds that Defendant's argument is persuasive and deposing Mr. Bryant should be prohibited based on the relevancy and proportionality grounds laid out in Defendant's motion. *See* Fed. R. Civ. P. 16(b)(1); *see also Trustees of Purdue Univ. v. Wolfspeed, Inc.,* No. 1:21CV840, 2023 WL 4564558 at *4 (M.D.N.C. July 17, 2023). Therefore, the Court grants Defendant's Second Motion for a Protective Order (Docket Entry 51) to the extent that Plaintiff is precluded from deposing Mr. Bryant. Finally, Defendant requests payment of reasonable expenses, including attorney's fees. (Docket Entry 52 at 11.) Given the Court's prior admonition to both parties, the Court finds that it would be unjust to grant Defendant's request because both parties have contributed to the discovery issues. *See* Text Order dated 07/24/2024 ("The situation the parties presently find themselves in... is due to no fault but the parties' counsel.... Here, the conduct of both counsel... has caused this matter to veer off track."); *see also* Fed. R. Civ. P. 37(1)(5)(A)(iii) (noting that the Court is not required to award reasonable expenses if "other circumstances make an award of expenses unjust"). Accordingly, to the extent that Defendant's motion (Docket Entry 51) requests Plaintiff to pay its reasonable expenses, the motion is denied. Issued by MAG/JUDGE JOE L. WEBSTER on 08/27/2024.(aet)

**1:22-cv-00847-LCB-JLW Notice has been electronically mailed to:**

BRENT F. POWELL     brent.powell@unchealth.unc.edu, stephanie.payne@wbd-us.com

JILL S. STRICKLIN  jstricklin@constangy.com, rcanter@constangy.com, WS-Docket@constangy.com

NIA K. DOAKS  ndoaks@constangy.com, rcanter@constangy.com, WS-Docket@constangy.com

VALERIE L. BATEMAN  valerie@newsouthlawfirm.com, heather@newsouthlawfirm.com, june@newsouthlawfirm.com, seonaid@newsouthlawfirm.com

**1:22-cv-00847-LCB-JLW Notice will not be electronically mailed to:**